# United States Court of Appeals for the Federal Circuit

---

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellant,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellee,*

**and**

**COASTAL LINERS, LLC,**
*Counterclaimant-Appellee.*

---

2010-1119

---

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0274, Judge Ron Clark.

---

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellee,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellant,*

**and**

**COASTAL LINERS, LLC**,
*Counterclaimant.*

_____

2010-1269
_____

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0274, Judge Ron Clark.
_____

**ON MOTION**
_____

Before RADER, *Chief Judge,* NEWMAN, and MOORE, *Circuit Judges.*

Order for the court filed by *Chief Judge* RADER. Additional views filed by *Circuit Judge,*
NEWMAN. Concurrence filed by *Circuit Judge,*
MOORE.

RADER, *Chief Judge.*
_____

JEFFREY S. STANDLEY, Standley Law Group LLP, of Dublin, Ohio, and RICHARD E. FEE, Fee & Jeffries, P.A. of Tampa, Florida, filed a joint motion to remand for plaintiff/counterclaim defendant-appellant, defendant/counterclaimant-appellee and counterclaimant-appellee. With them on the motion were JAMES L. KWAK, F. MICHAEL SPEED, JR. and MICHAEL STONEBROOK of Dubline, Ohio, and KATHLEEN M. WADE, of Tampa, Florida.
_____

**O R D E R**

The parties jointly move for remand of these appeals.[*] Alps South, LLC moves for leave to file a brief amicus curiae in 2010-1119 or in the alternative for leave to intervene and oppose the motion to remand. Alps South also moves for leave to file an opposition to the motion to remand.

We remand for the limited purpose of the district court's consideration of the parties' motion for vacatur. We retain jurisdiction so that any of the parties may seek appellate review by notifying the Clerk of the Court within thirty days of entry of the district court's decision on remand.

The appeals are held in abeyance pending the resolution of the motion for vacatur by the district court. The parties should promptly inform this court of the district court's ruling on the motion pursuant to Fed. R. App. P. 12.1(b) and should propose how they believe the appeals should proceed in light of the district court's ruling.

Accordingly,

IT IS ORDERED THAT:

(1) The motions to remand in 2010-1119, -1269 are granted to the limited extent explained above. This court retains jurisdiction over the appeals at this time.

(2) The court's June 14, 2010 order dismissing 2010-1269 is vacated, the mandate in 2010-1269 is recalled, and the appeal is reinstated for purposes of the limited remand.

(3) Alps South's motions are denied.

---

[*] In their motion to remand in 2010-1269, the parties also request that 2010-1269 be dismissed. We assume that this request is erroneous, as it appears to be the parties' request that the "actions" be remanded. We note that 2010-1269 was dismissed on June 14, 2010 for failure to file an opening brief. We reinstate that appeal so that the entire matter can be remanded for the limited purpose of the district court's consideration of the parties' motion for vacatur.

FOR THE COURT


JANUARY 4, 2011                          /s/ Jan Horbaly
     Date                                Jan Horbaly
                                         Clerk

# United States Court of Appeals
# for the Federal Circuit

———————————

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellant,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellee,*

**and**

**COASTAL LINERS, LLC,**
*Counterclaimant-Appellee.*

———————————

2010-1119

———————————

Appeal from the United States District Court for the Eastern District of Texas in case No. 07-CV-0274, Judge Ron Clark.

———————————

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellee,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellant,*

**and**

**COASTAL LINERS, LLC**,
*Counterclaimant.*

———————————

2010-1269

———————————

Appeal from the United States District Court for the Eastern District of Texas in case No. 07-CV-0274, Judge Ron Clark.

NEWMAN, *Circuit Judge*, additional views.

I join the court's Order to remand to the district court for consideration of the motion for vacatur. I write separately to point out that the views of our colleague in separate concurrence are not the court's remand order. I am concerned with the apparent bias impressed upon the district court's action on remand.

We have remanded so that the court that rendered the decision can decide whether to vacate it, based on our conclusion that the district court is in the better position to make that ruling, indeed to consider all of the legal and equitable considerations as may be brought to its attention by those favoring and opposing the motion. Our remand should be unencumbered by even the appearance of prejudgment or of the weight to be given to various considerations. Indeed, the issues on which our colleague in concurrence offers judicial advice are more complex than is here recognized.

This court does not have a complete picture of the circumstances of this case – that is the reason for the remand.[1] Whether a district court chooses to vacate its

———————————

[1] My colleague in "concurrence" offers the foot-note proposition that "[t]here will be no opposing voice

own decision in a particular case is a matter of case-specific discretion. I do not endorse the proffer of judicial advice on selected issues, thereby placing an appellate thumb on the scale of the remand order before it reaches its destination.

---

when the parties move for vacatur because both parties benefit." This is inapplicable, for there has already been a request for intervention of a third party, Alps South LLC. *Motion of Amicus Curiae, Alps South, LLC to File Brief In Support Of Appellee, Thermo-Ply, Inc., Or In The Alternative To Intervene In This Appeal* (July 26, 2010). FRCP 24(b)(1)(B) ("On timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact."). Alps South argues against vacatur, citing a pending suit against it on the same patent. Indeed, the existence of such additional complexity influenced this court's decision to remand the motion to the district court.

# United States Court of Appeals
# for the Federal Circuit

_____

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellant,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellee,*

**and**

**COASTAL LINERS, LLC,**
*Counterclaimant-Appellee.*

_____

2010-1119

_____

Appeal from the United States District Court for the Eastern District of Texas in case no. 07-CV-0274, Judge Ron Clark.

_____

**THE OHIO WILLOW WOOD COMPANY,**
*Plaintiff/Counterclaim Defendant-Appellee,*

**v.**

**THERMO-PLY, INC.,**
*Defendant/Counterclaimant-Appellant,*

**and**

**COASTAL LINERS, LLC**,
*Counterclaimant.*

_____

2010-1269

_____

Appeal from the United States District Court for the Eastern District of Texas in case No. 07-CV-0274, Judge Ron Clark.

Before RADER, *Chief Judge*, NEWMAN and MOORE, *Circuit Judges*.

MOORE, *Circuit Judge*, concurring.

I concur in the order to remand to allow the district court to consider vacatur. This remand should not, however, be construed as an imprimatur on the joint vacatur motion. The Supreme Court in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994), held that "mootness by reason of settlement does not justify vacatur of a judgment under review." The Court made clear that vacatur was an "extraordinary remedy" which petitioner would have to show "equitable entitlement to." *Id.* at 26. Only in "exceptional circumstances" should a district court grant vacatur at the request of the litigants. *Id.* at 29. The Court explained that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes the public interest would be served by a vacatur." *Id.* at 26 (citations omitted). In a patent case, especially where a patent has been invalidated, the public interest is overwhelming. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100 (1993) (holding that there is "a strong public interest in the finality of judgments in patent litigation" and especially in validity determinations). In fact, in *Cardinal Chemical*, the

2010-1119, -1269          2

Supreme Court held the public interest was so high that the Federal Circuit must consider a validity determination on appeal, even if the court concludes that the defendant does not infringe the patent at issue. *Id.* at 101–02. This is because patents are public rather than private rights and involve extremely high stakes for the litigants.[1]

In this case, for example, the patentee has already sued another party on the patent in question. If the decision that invalidated the patent at issue is not vacated, then the patentee will be collaterally estopped from asserting this patent in this and other suits, thereby saving courts and litigants the time and money it takes to proceed with patent litigation. Patent litigations are among the longest, most time-consuming types of civil actions. As of 2009, 384 patent cases had been pending in the district courts for three years or more. 2009 Admin. Off. U.S. Cts. Ann. Rep., at Table S-11. Moreover, the costs of patent litigation are enormous with an average patent case costing upwards of $3 million for each side. *See* American Intellectual Property Law

---

[1] The public rights are particularly vulnerable when considering vacatur following settlement. There will be no opposing voice when the parties move for vacatur because both parties benefit. Aside from the settlement itself, the patent owner retains a patent that has been adjudged invalid and the defendant now has a license to a patent that the patent owner may assert against the defendant's competitors.

Association, Report of the Economic Survey 2009 I-129 (2009). If the district court vacates its invalidity judgment then other defendants and other district courts will be forced to proceed with infringement suits, as there would likely be no collateral estoppel. Even if there were no other suits pending, these concerns should still weigh heavily against vacatur, as the only reason the patentee would want an invalidity judgment vacated is to potentially enforce the patent against others.

In this case, the settlement agreement covers not only the case on appeal to us, but three additional litigations between the parties involving three different patents. This case is properly remanded to the district court because the district court is in the best position to determine whether the fact that this settlement will end four litigations between the parties is sufficiently "exceptional" to justify potentially forcing other defendants to litigate or license the patent the district court has already held invalid. *See U.S. Bancorp*, 513 U.S. at 29.